**In re JAMSTER MARKETING LITIGATION**

**Lloyd Adam Page v. VeriSign, Inc., et al., E.D. Arkansas, C.A. No. 4:05–1629**

**Charles Ford, et al. v. VeriSign, Inc., et al., S.D. California, C.A. No. 3:05–819**

**Terry Herrington, Jr., et al. v. VeriSign, Inc., et al., S.D. California, C.A. No. 3:05–1915**

**No. 1751.**

Judicial Panel on Multidistrict Litigation.

April 14, 2006.

Before WM. TERRELL HODGES,* Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

\* Judges Hodges and Motz took no part in the decision of this matter.

1. Parties have notified the Panel of a potentially related action filed in the Southern District of California in July 2005 and assigned to the same judge presiding over the two MDL–1751 Southern District of California ac-

## TRANSFER ORDER

JOHN F. KEENAN, Acting Chairman.

This litigation currently consists of three actions pending in two districts as follows: two actions in the Southern District of California and one action in the Eastern District of Arkansas.[1] Plaintiffs in one of the Southern District of California actions (*Ford*) move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of California. Plaintiffs in the second Southern District of California action support the motion. The docket's two common defendants, VeriSign, Inc. (VeriSign) and VeriSign's Swiss subsidiary, Jamster International SARL (Jamster), also agree upon centralization, but they express a preference for selection of the Northern District of California as transferee district. Originally opposed to transfer were i) plaintiff in the Eastern District of Arkansas action, and ii) three wireless mobile phone carriers—T–Mobile USA, Inc. (T–Mobile), Cingular Wireless (Cingular), and AT&T Wireless Services, Inc. (AT&T)— that have been named as defendants only in the California *Ford* action. Following entry of an order staying proceedings in *Ford* (pending resolution of an appeal of the district court's denial of the wireless carrier defendants' motion to compel arbitration), however, Cingular and AT&T have withdrawn their opposition to Section 1407 transfer. Cingular now supports centralization in the Northern District of California or, alternatively, the Southern District of California. Also, at the hearing session held by the Panel on the transfer

tions. In view of the Panel's disposition of this docket, and in accordance with the Panel's Rules, inclusion of this action in the Section 1407 proceedings will be a matter for determination by the Southern District of California transferee court. *See* Rule 7.5(a), R.P.J.P.M.L., 199 F.R.D. 425, 436 (2001).

motion in this docket, counsel for the plaintiff in the Arkansas action stated that his client no longer opposed Section 1407 centralization. Counsel expressed a preference, however, for selection of the Eastern District of Arkansas as transferee forum.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each action is brought as a class action against overlapping defendants and is predicated on the same factual allegations, namely, that i) VeriSign and Jamster defendants have falsely represented to consumers that mobile customers can get a free ring tone or other phone service by sending a message to Jamster or by registering on the Internet; and ii) instead of receiving the free content, those customers then received repeated text messages from defendants for which they were charged by defendants. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to potentially dispositive pretrial motions and class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

T–Mobile alternatively asks the Panel, if the Panel does not deny the Section 1407 motion outright, to defer any transfer consideration until such time as the stay in *Ford* has been lifted or other developments favor 1407 centralization. T–Mobile asserts that if the appellate court reverses the district court and compels arbitration, then T–Mobile will have suffered prejudice as a result of the need to have incurred costs associated with litigation of MDL–1751 in the interim between entry of the Panel's order and entry of the appellate ruling. There is no need for the Panel to delay Section 1407 transfer under these circumstances. The Panel's order will not impinge upon operation of the stay entered in *Ford*, because the Panel's order, vis-a-vis *Ford*, merely indicates the forum where the pretrial proceedings in *Ford* will occur if and when the stay is lifted (indeed in this instance, that forum is the same Southern District of California forum where *Ford* is already pending) and the action remains in federal court. Inasmuch as T–Mobile's involvement in the Section 1407 proceedings would mirror its involvement in the docket's constituent actions, in any event, the benefits of Section 1407 transfer to the various parties overall should ensue.

■ We conclude that the Southern District of California is an appropriate forum for this docket. This district i) provides an accessible metropolitan location that is equipped with the resources that this docket is likely to require, and ii) already hosts two of the three constituent actions (including the first filed action).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action in this litigation pending in the Eastern District of Arkansas is transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Jeffrey T. Miller for coordinated or consolidated pretrial proceedings with the two actions pending in that district.